# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS JIMENEZ, | : | Civil No. 3:17-cv-115 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| CRAIG A. LOWE, *et al.*, | : | |
| Respondents | : | |

## MEMORANDUM

Petitioner, Luis Jimenez, a detainee of the Immigration and Customs Enforcement ("ICE"), currently confined in the Pike County Correctional Facility, Lords Valley, Pennsylvania, filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Jimenez challenges his continued detention by ICE pending removal. (*Id.*). Jimenez seeks immediate release, or an individualized bond hearing. (*Id.* at p. 19). The Government does not oppose Jimenez's request for a bond hearing. (Doc. 6). For the reasons set forth below, the Court will grant the petition and order that an Immigration Judge conduct an individualized bond hearing within fourteen (14) days of the accompanying order.

I. **Background**

On July 1, 1993, Jimenez, a native and citizen of the Dominican Republic, was admitted to the United States as a lawful permanent resident. (Doc. 6-2, p. 5).

On December 11, 2003, Jimenez was arrested and charged with conspiracy to

distribute, and possess with intent to distribute, more than one hundred (100) grams of heroin, in the United States District Court for the Southern District of New York. *United States v. Jimenez*, Criminal No. 1:04-cr-133-02 (S.D.N.Y.). On November 22, 2004, Jimenez pled guilty to conspiracy to distribute heroin. (*Id.* at Doc. 102). Jimenez was out on bail and, in January 2005, failed to surrender to the United States Marshals Service for his sentencing. (*Id.*). Jimenez evaded incarceration for more than eight (8) years, and was eventually arrested in March 2013. (*Id.*). On May 30, 2014, Jimenez was sentenced to a thirty-six (36) month term of imprisonment for conspiracy to distribute heroin. (*Id.*).

Also on May 30, 2014, Jimenez pled guilty to one count of Failure to Appear, in the United States District Court for the Southern District of New York. (Doc. 1, p. 2; Doc. 6-2, p. 5). *See also United States v. Jimenez*, Criminal No. 1:07-cr-1080 (S.D.N.Y.). Jimenez was sentenced to a ten (10) month term of imprisonment, to be served consecutively to the thirty-six (36) month sentence imposed in case number 1:04-cr-133-02. (*Id.*).

On December 5, 2014, based on Jimenez's conviction, ICE commenced removal proceedings charging him as removable from the United States pursuant to sections 237(a)(2)(A)(iii) and 237(a)(2)(B)(i) of the Immigration and Nationality Act ("INA") for being convicted of drug trafficking offenses based on federal aggravated felony convictions for drug trafficking and failure to appear at the sentencing for his drug trafficking conviction. (Doc. 6-2, pp. 5-6).

On May 3, 2016, Jimenez was charged with being subject to removal. (Doc. 6-2, pp. 11-16, Order of the Immigration Judge). Jimenez sought deferral of removal pursuant to the Convention Against Torture, arguing that he would likely be subjected to torture if returned to the Dominican Republic because his conviction constitutes a "Particularly Serious Crime." (*Id.*). Jimenez stated that he received threats by criminal co-defendants for his cooperation with the Drug Enforcement Administration and the United States Attorney's Office. (*Id.*). The Immigration Judge denied Jimenez's application for deferral of removal based on fear of persecution, finding that his fear is of private individuals, and there is no indication that the Dominican Republic government would be responsible for any torture. (*Id.*). On May 11, 2016, Jimenez filed an appeal with the Board of Immigration Appeals ("BIA"). (Doc. 1, p. 2).

On June 22, 2016, Jimenez was first taken into ICE custody. (Doc. 1, p. 3).

The BIA dismissed Jimenez's appeal on September 14, 2016. (*Id.*). On November 10, 2016, the Government moved in the Third Circuit to remand Jimenez's case to the BIA for further consideration of the application for deferral of removal under the Convention Against Torture. (Doc. 1-1, pp. 22-25). The Government noted that the evidence reveals that one of Jimenez's co-conspirators is a former police officer in the Dominican Republic and another co-conspirator's brother is the mayor of a city in the Dominican Republic. (*Id.*).

On January 3, 2017, the BIA issued a notice of the pending remand. (Doc. 6-2, p.

17, Notice of Pending Remand). On April 7, 2017, the BIA remanded the case to the Immigration Judge "to consider the government's unopposed motion to remand and enter a new decision." (Doc. 8-1, p. 2, BIA Decision).

## II. Discussion

Jimenez argues that he has been detained under 8 U.S.C. § 1226(c) for an unreasonable amount of time in violation of the Due Process Clause of the Fifth Amendment and *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011). (Doc. 1). Respondent asserts that the Court should order a bond hearing before an Immigration Judge. (Doc. 6).

This Court has jurisdiction over the habeas petition and Jimenez's claims challenging his prolonged pre-final order detention by ICE at the Pike County Correctional Facility as illegal and unconstitutional. *See Leslie v. Attorney General of U.S.*, 363 F. App'x 955, 957, n.1 (3d Cir. 2010) (*per curiam*) (citation omitted). In considering the petition for writ of habeas corpus, this Court notes that Jimenez is not subject to a final order of removal, as the immigration proceedings remain pending. Thus, this Court must address whether Jimenez is entitled to habeas relief in the nature of his release from the Pike County Correctional Facility pending the outcome of his immigration proceedings, or whether he is entitled to an individualized bond hearing.

Initially, there was a clear legal basis for ICE to detain Jimenez pending the outcome

4

of removal proceedings. Pursuant to 8 U.S.C. § 1226(c), the Attorney General must take into custody any alien who "is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." 8 U.S.C. § 1226(c)(1)(B). Prior to a final removal order, an alien must be detained without being afforded a bond hearing. 8 U.S.C. § 1226(c). However, this "mandatory detention" provision has limits. See *Diop*, 656 F.3d at 232. Although mandatory detention for some classes of aliens under § 1226(c) is constitutional, Justice Kennedy's concurring opinion in *Demore v. Kim, et al.*, 538 U.S. 510, 532 (2003), emphasizes that continued detention can become unconstitutional unless the government justifies its actions at a hearing designed to ascertain whether continued detention of the alien is necessary to achieve the law's stated purposes of preventing flight and minimizing potential dangers to the community. *Diop*, 656 F.3d at 233. Where detention has become unreasonable, "the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." *Id.*

Jimenez has been detained by ICE for more than ten (10) months. Although the statutory law does seemingly dictate mandatory custody, "[w]e do not believe that Congress intended to authorize prolonged, unreasonable, detention without a bond hearing." *Hernandez v. Sabol*, 823 F. Supp. 2d 266, 272 (M.D. Pa. 2011). As stated, section 1226(c) authorizes detention for a reasonable amount of time, after which the authorities must make

an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community. See Diop, 656 F.3d at 231. Thus, the Court will direct that Jimenez be granted a bond hearing to ascertain whether the immigration court considers him a flight risk or a danger to the community if he were released pending the outcome of his immigration proceedings.

This Court's decision is entirely consistent with other case law from the Middle District of Pennsylvania, as well as with the Diop Court's caution that prolonged detention of an alien (35-month detention in Diop), absent an individualized bond hearing, can become presumptively unreasonable. See Bautista v. Sabol, 862 F. Supp. 2d 375 (M.D. Pa. 2012). Following Diop, the Middle District Court has ruled that a petitioner, detained for approximately twenty (20) months under § 1226(c), was entitled to release while his appeal of removal was pending in the immigration court and the Board of Immigration Appeals. See Gupta v. Sabol, 2011 WL 3897964, *1 (M.D. Pa. 2011). The Gupta Court stated that such decisions reflect "a growing consensus within this district and throughout the federal courts [ ] that prolonged detention of aliens under § 1226(c) raises serious constitutional concerns." Id. at *2. Thus, although this Court declines to grant the outright release of Jimenez in advance of a bond hearing, his detention requires a bond hearing.

A separate order shall issue.

Date: April 26, 2017

Robert D. Mariani
United States District Judge